No. 296      May 1, 2024      461

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of L. M. H.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

L. T.,
*Appellant.*

Umatilla County Circuit Court
21JU05689; A182410

Robert W. Collins, Jr., Judge.

Submitted March 28, 2024.

Kristen G. Williams filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Egan, Judge, and DeVore, Senior Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Mother appeals a judgment terminating her parental rights to her child, L. On appeal, mother assigns error to the juvenile court's determination that mother was unfit because of certain conduct and conditions that are seriously detrimental to L, that reintegration into mother's home is improbable within a reasonable time, and that termination is in L's best interests. We review *de novo*, ORS 19.415(3)(a), ORS 419A.200(6), and affirm.

A parent's rights can be terminated where a court finds by clear and convincing evidence that a parent is "unfit by reason of conduct or condition seriously detrimental" to the child, that "integration of the child into the home *** is improbable within a reasonable time due to conduct or conditions not likely to change[,]" and that termination is in the "best interests" of the child. ORS 419B.500(1); ORS 419B.504.

Having reviewed the record, we agree with the juvenile court that mother is unfit due to certain conduct and conditions that are seriously detrimental to L. We further agree with the juvenile court that integration of L into mother's home is improbable within a reasonable time due to conduct or conditions not likely to change. Lastly, we agree that termination is in L's best interests.

Affirmed.